IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-16-137-R |
| ) | |
| CARLOS ALEXANDER DAVILA, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

Introduction

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant, Carlos Alexander Davila, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state or local prosecuting, administrative or regulatory authority. If defendant does not accept the terms of this agreement by returning it signed, along with a signed

and completed Petition To Enter Plea Of Guilty, by **July 11, 2016**, then the offer is withdrawn.

### Guilty Plea

2. Defendant agrees to enter a plea of guilty to Count 1 of an Information charging sexual exploitation of children in violation of 18 U.S.C. § 2251(a). To be found guilty of violating 18 U.S.C. § 2251(a), as charged in the Information, defendant must admit that, between on or about March 22, 2016, and May 12, 2016, in the Western District of Oklahoma and elsewhere, he: (1) coerced, persuaded, and induced a victim to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct; (2) at the time victim was a minor; and (3) the visual depictions were transmitted in interstate commerce.

### Maximum Penalty, Restitution and Special Assessments

3. The maximum penalty that could be imposed as a result of this plea is thirty (30) years' imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not less than five years. There is a *mandatory minimum* term of fifteen (15) years' imprisonment.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent him from

ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. In addition, the Court must order the payment of restitution to the victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from the defendant's plea, the Court will enter an order of restitution to all victims of the defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release, and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the

original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

7. The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement. Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of § 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty. It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement. However, subject to the terms and conditions of this plea agreement (particularly the Plea Supplement), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

8.  Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense to which he is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the

5

promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

    a.    Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    b.    Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence;

    c.    Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

9.    Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory guideline range determined by the Court to apply to this case, this waiver does not

include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

## Abandonment

10. Defendant voluntarily abandons all right, title, interest in and claim to:

  (a) Samsung SM-G530M Galaxy Grand Prime (IMEI: 357549061514134) with 32GB MicroSD Memory Card;

  (b) Samsung GSM SM-T700 Galaxy Tab S (Phone revision: 5.0.2 LRX22G T700XXU1OBK1) with 32 GB MicroSD Memory Card;

  (c) HP 15 Laptop computer (Computer name: DESKTOP-PS29KCA); and

  (d) HP G51 Laptop computer (Computer name: DARKRAIDARKN-PC).

so that appropriate disposition may be made by the appropriate federal or state law enforcement agency.

## Obligations of Defendant

11. Defendant shall commit no further crimes. It is understood that, should defendant commit any further crimes or should it be determined that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal

7

violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

    12. The parties also recognize that if the Court determines defendant has violated any provision of this agreement or authorizes defendant to withdraw from his knowing and voluntary guilty plea entered pursuant to this agreement: (a) all written or oral statements made by defendant to the Court or to federal or other designated law enforcement agents, any testimony given by defendant before a grand jury or other tribunal, whether before or after the signing of this agreement, and any leads from such statements or testimony, shall be admissible in evidence in any criminal proceeding brought against defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or law that such statements or any leads therefrom should be suppressed. It is the intent of this agreement to waive all rights in the foregoing respects.

8

## The Obligations of the United States

13. If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, he will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for other instances of production of child pornography, possession of child pornography, or receipt of child pornography for the period of May 14, 2014, to the present. This agreement does not provide any protection against prosecution for any crime not specifically described above.

14. It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

## Signatures

15.  By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms.  Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this __14__ day of __July__, 2016.

|  |  |
|---|---|
|  | MARK A. YANCEY<br>Acting United States Attorney |
| **APPROVED:** |  |
| _/s/ Chris Stephens_<br>CHRIS M. STEPHENS<br>Deputy Chief, Criminal Division | _/s/ Brandon Hale_<br>BRANDON HALE<br>Assistant U.S. Attorney<br>Western District of Oklahoma<br>210 Park Avenue, Ste. 400<br>Oklahoma City, Oklahoma 73102<br>(405) 553-8813 (Office)<br>(405) 553-8888 (Fax) |
| _/s/ Carlos Davila_<br>CARLOS ALEXANDER DAVILA | _/s/ Brooke A. Tebow_<br>BROOKE TEBOW<br>Attorney for Defendant |

10